ROBERT J. MARSH v. JENNET F. MUELLER, ADMINIS-
TRATRIX, ETC.

*Partnership—Action at law.*

An agreement by a retiring partner to pay one of the remaining
   partners, who form a new firm, one-half of the sum realized
   on a mortgage owned by him, in consideration of the agree-
   ment · of said partner to pay to him one-half of his share of
   the profits and property realized from the new venture, will
   not make them partners *inter sese* as to the mortgage and the
   interest of the partner in the new firm, and an action at law
   can be maintained by the partner on said agreement; citing
   *Cook v. Canny*, 96 Mich. 398.

Error to Wayne. (Brevoort, J.) Submitted on briefs
June 30, 1893. Decided July 25, 1893.

Claim against the estate of a deceased person. The
administratrix brings error. Affirmed. The facts are
stated in the opinion.

*Henry M. Duffield,* for appellant.
*Dickinson, Thurber & Stevenson,* for claimant.

GRANT, J. September 1, 1885, John C. Mueller, Rob-
ert J. Marsh, the claimant in this suit, and two others,
entered into a copartnership. Mueller and Marsh each
owned a one-sixth interest. December 3, 1885, this part-
nership was dissolved by mutual consent, and a new one
formed by the members of the old firm, except Mr. Muel-
ler, who retired. Marsh owned a one-sixth interest in the
new firm. The business of both firms was the same.
Mueller sold his interest to one of the old firm, named
Riopelle, and received in payment therefor a note and
mortgage for $3,200  On the same day, Mueller and
Marsh executed the following agreement:

"John C. Mueller acknowledges that the mortgage given him to-day by E. F. Riopelle on lots A and B, Riopelle Farm, amounting to $3,200, belongs, one-half of it, to Robert J. Marsh, and that half to be paid to him as soon as realized on it, with the consent of both Mueller and Marsh.

"Robert J. Marsh acknowledges that John C. Mueller has an equal share with him in the interest he (R. J. Marsh) holds in the firm of Marsh & Riopelle, and also one-half in the soda apparatus stored at present in the house of said Marsh, 101 Catherine street, Detroit.

"Said Robert J. Marsh promises herewith to account to said J C. 'Mueller for all this interest as above stated, and give him his equal share as soon as he realizes upon it."

For some reason, which does not appear, each on the same day executed to the other separate statements. The one signed by Mueller is as follows:

"The undersigned acknowledges herewith that in the mortgage given him this day by E. F. Riopelle, amounting to $3,200, Robert J. Marsh has an interest in the same to the amount of $600, bearing interest at the rate of 6½ per cent. per annum, which will be paid to him at the expiration of the mortgage, three years hence, if not sooner realized, provided that the mortgage brings par value, or to such proportions as it may realize.

"The execution of this acknowledgment is depending on the filing and executing his (Marsh's) bond given to me this day in regard to his interest of the firm of Marsh & Riopelle, and for which is this present acknowledgment an equivalent. This acknowledgment not transferable."

The one signed by Marsh is as follows:

"The undersigned acknowledges herewith that I owe one-half of my interest in the firm of Marsh & Riopelle at Detroit to John C. Mueller, of the same place; that, in consideration for this interest, John C. Mueller has deeded to me a share in the mortgage given to him by E. F. Riopelle, of $3,200, on which I have received $1,000 in cash, and a further interest of $600 when realized upon, or mortgage expires. And I herewith promise faithfully to account to said Mueller all the profits, valuables, and stock I have and may receive as my share in the said firm

of Marsh & Riopelle, and turn over one-half of the same to said Mueller.

"I further acknowledge that J. C. Mueller has an equal interest with me in the soda-water apparatus and counter stored at present on my premises, and that I will turn over to him one-half of the proceeds, when sold with his consent. This presents not transferable."

September 8, 1886, Mr. Mueller sold and assigned this mortgage, for which he received the balance due thereon, with interest, $1,228.46. The mortgage was paid to the assignee and discharged August 17, 1888. Mueller died without having paid to Mr. Marsh his share. For this amount he presented his claim against the estate. Verdict and judgment in the circuit court were for the claimant.

It is contended by the learned counsel for the estate that the transaction between the parties was an exchange of the half interest in the mortgage for the half of Marsh's interest in the partnership; that the two were to be partners *inter sese* as to the mortgage and Marsh's interest in the firm of Marsh & Riopelle; and that, therefore, an action at law will not lie, but that the sole remedy is by bill in chancery for an accounting. We think otherwise. Mr. Mueller agreed to pay $1,600 to Marsh for one-half of his interest in the firm of Marsh & Riopelle, for which Marsh agreed to account to him. Marsh owed him nothing until the profits were received by him, or until some of the partnership property was turned over to him, and became his individual property. Mueller's obligations did not depend upon the success or failure of the partnership business. It was not contemplated that the payment of half the amount of the mortgage should be deferred till the partnership of Marsh & Riopelle was closed. The time of payment was limited only to the time when Mueller should receive the amount of the mortgage, or to its expiration. Marsh agreed to pay Mueller only when profits were declared and received, or some of the firm assets

were apportioned to him. Mueller paid a present consideration for future supposed gains and property. He stood in the same position as he would if he had given his note for the amount he agreed to pay. This case is ruled by *Cook v Canny, ante,* 398, and the authorities there cited.

Judgment affirmed.

The other Justices concurred.